UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

RONALD A. HAGEN,

    Debtor.
_____/

Chapter 7
Case No. 12-52139-wsd
Hon. Walter Shapero

BARRY COHEN

    Plaintiff/Counter-Defendant.

v.

IAN SCHONSHECK, et. al.,[1]

    Defendants/Counter-Plaintiffs.
_____/

Adv. Pro. No. 12-5165

## OPINION GRANTING PLAINTIFF'S MOTION TO ABSTAIN OR REMAND ADVERSARY PROCEEDING TO STATE COURT

INTRODUCTION

Some of the Defendants/Counter-Plaintiffs (other than the Debtor) removed a state court case to this Court. Plaintiff/Counter-Defendant filed a Motion to Abstain or Remand and for the following reasons, this Court grants the motion.

---

[1] The Defendants are Ian Schonsheck, Individually and as Trustee of the Ian W. Schonsheck Revocable Living Trust Dated 12/11/90, as Amended, Big Sky Development Ann Arbor, LLC, Big Sky Development, Battle Creek, LLC, Big Sky Development Clinton Township, LLC, Big Sky Development Flint, LLC, Big Sky Development Grand Rapids, LLC, Big Sky Development Grandville, LLC, Big Sky Development Lansing, LLC, Big Sky Development Michigan Avenue, LLC, Big Sky Development Saline, LLC, Big Sky Development Wixom, LLC, Big Sky Partners LLC, Big Sky Partners Two, LLC, Ronald A. Hagen, Sr., Ronald A. Hagen, Jr., Hagen Management Company, LLC, US Storage Depot, LLC, US Storage Depot Management, LLC, and Executive's A. I. D., Inc.

1

BACKGROUND

In 2007, Barry Cohen ("Plaintiff") obtained a substantial state court judgment against Ronald A. Hagen ("Debtor") and, incident thereto in satisfaction of that judgment, later took an assignment of the Debtor's partial interests in a number of entities, which owned and managed various self-storage facilities ("the Big Sky Entities"). Most, if not all, of the Big Sky Entities are defendants in this removed adversary proceeding, together with (a) Debtor, his son, and their personal entities, and (b) Ian Schonsheck, individually and as trustee of his Revocable Living Trust ("Schonsheck"). The entire proceeding was removed solely by Schonsheck from the Wayne County Circuit Court ("state court") to this Court following Debtor's filing of his Chapter 7 bankruptcy. Schonsheck was the manager of the Big Sky Entities and Debtor also had managerial responsibilities. Following this assignment, Plaintiff concluded that (a) Schonsheck made misrepresentations incident to the assignment regarding the financial condition and values of the Big Sky Entities, as well as incident to Plaintiff's obligations for any capital calls from the entities, (b) Schonsheck and Debtor mismanaged the entities, and (c) Debtor was unlawfully taking funds from the entities and Schonsheck knew of such but failed to disclose to Plaintiff at the time of the assignment.

Plaintiff commenced this action in the state court in 2010. The combination of his original and allowed amended complaints contains what clearly appears to be exclusively state law claims, to wit: intentional interference with business relationships, statutory oppression, unjust enrichment, breach of contract, breach of fiduciary duty, and requests for an accounting and an inspection of books and records. Meanwhile, a mortgagee of some of the Big Sky Entities' properties commenced a foreclosure action in United States District Court for the Eastern

2

District of Michigan, in which Plaintiff attempted to intervene, seeking to halt the foreclosure sale on the basis that his membership rights were being violated. The Big Sky Entities that were named defendants sought to file a counterclaim against Plaintiff seeking an adjudication of his membership rights. The essential result of that foreclosure action was that, while Plaintiff was initially allowed to intervene, the Court permitted the foreclosure to proceed and concluded that the disputes between Plaintiff and the Big Sky Entities relating to membership and other rights should be resolved in the pending state court case. The Huntington Nat'l Bank v. Big Sky Dev. Flint, LLC, et al. 10-10346 at pg. 6 (E.D. MI. 2011) (the court there stating that "…Cohen's interest as an intervenor went away… The state case, on the other hand, deals directly with the dispute between Cohen and Big Sky as it relates to his membership rights. Likewise, it makes sense for his capital call liabilities, if any, to be resolved in the state court case.")

DISCUSSION

Plaintiff's Motion to Abstain or Remand argues the applicability of mandatory abstention, permissive abstention, and equitable remand.

*Mandatory Abstention*

Mandatory abstention is governed, in relevant part, by 28 U.S.C. § 1334(c)(2), which states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

3

"For mandatory abstention to apply, a proceeding must: (1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding." In re Lowenbraun, 453 F.3d 314, 320 (6th Cir. 2006) (quoting In re Dow Corning Corp., 86 F.3d 482, 497 (6th Cir. 1996)).

The state court case could have been brought in federal court on the basis of diversity jurisdiction under 28 § U.S.C. 1332. Both parties admit there is diversity of citizenship sufficient to have permitted the case, at its inception, to have been brought in federal court. Thus that element of mandatory abstention precludes abstention on that basis.

*Permissive Abstention*

"[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). A court is to consider and weigh a number of factors in determining whether permissive abstention is appropriate, including:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable law;
> (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than the form of an asserted core proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the bankruptcy court's docket;

> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial; and
> (12) the presence in the proceeding of non-debtor parties.

Watson v. Zigila, 10-12319, 2010 WL 3582504 at *5 (E.D. Mich. 2010) (quoting Delphi Automotive Systems, LLC v. Segway, Inc., 519 F.Supp.2d 662, 670-71 (E.D. Mich. 2007)).

Within this framework, there are several reasons to permissively abstain from adjudicating this matter. First, it has a lengthy history before the state court. As of the date of the commencement of Debtor's Chapter 7 bankruptcy on May 15, 2012, this removed case had been pending for almost two years in the state court and, in that period, numerous hearings had been held, a number of rulings had been issued on various subjects, a case evaluation process had been engaged in in May 2012, and a jury trial had been scheduled for October 9, 2012. This Court disagrees with the removing defendants' characterization that much of the progress on this matter was limited and procedural in nature; though even if it was, such would not change the result. Disposition of procedural issues is a necessary, and often an important, part of the process of bringing a case to final disposition. In addition, here the state court has developed a knowledge and familiarity with the subject matter and the litigants. The interests of judicial economy and respect for the state courts are thus heavily implicated, as is the potential prejudice to the non-removing party.

The nature of the case, the parties involved, and the claims asserted militate against having the cases proceed separately and simultaneously in both courts. Debtor is but one of multiple defendants in the proceeding, yet the entire proceeding was removed to this Court. The case was removed by defendants who are not the subject of the pending bankruptcy case itself. Even then, the relief sought in the proceeding against Debtor is in a sense somewhat secondary to, but also

somewhat different from, the relief sought against the other defendants. The timing of the removal further raises this Court's suspicions regarding the motivation for removal. As noted, the removal was effected, not by Debtor, but by other defendants apparently (a) shortly before a court-ordered deadline requiring them to produce documents; (b) a few months before some scheduled dispositive motion arguments; (c) and after the case evaluation process had taken place; (d) shortly before the deadline for defendants to accept or reject the case evaluation award; and (e) it is claimed, shortly before a scheduled hearing on motions relating to, among other things, failures by some or all of the removing parties to appear for depositions. Those facts suggest the removal was likely an attempt at forum shopping, designed to delay the ultimate disposition by the state court of the merits of the case. Note that the Court would conclude similarly even if the removal had been effected only by Debtor and only as to his part of the proceeding.

The subject matter of these entirely state law causes of action arises primarily out of the alleged fraud and misconduct in the management of the various Big Sky Entities, rather than the Debtor's bankruptcy. Though the removing defendants are correct that bankruptcy courts regularly make determinations applying state law, that obvious fact does not eliminate the important abstention factor of the importance of the state law claims and the weight to be given them in the decision.

Plaintiff's commencement of a non-dischargeability action against Debtor in this Court does not, as the removing defendants argue, militate against abstention or remand. So far, this is a no-asset bankruptcy case and Debtor has asserted no claims for affirmative recovery that might result in some distributable asset, nor has the Trustee as yet sought such. The non-

6

12-05165-wsd    Doc 37    Filed 03/11/13    Entered 03/11/13 16:54:20    Page 6 of 9

dischargeability action was likely commenced to comply with a deadline for filing that kind of action in this Court rather than a serious expression of a desire to proceed with the case in this Court, something in part confirmed by Plaintiff's vigorous pursuit of abstention or remand. If the results in state court with respect to the Debtor end up having some relevance to the non-dischargeability action in this Court, at the very least they will have a much narrower focus in the context of that action. Even if principles of collateral estoppel might not apply, what might need to be revisited pales in comparison to adjudicating the whole case as to all parties in this Court, or even initially as to this particular defendant if the removal was limited to his portion of the case. As indicated, there are also material differences in the types of claims against Debtor and his entities, on the one hand, and those against the other defendants on the other. To be sure, there is some overlap, but in sum, it is neither comparatively efficient nor sensible for the bankruptcy court to choose to, or have to, dispose of the issues involving the non-debtor defendants under the circumstances where the issues against the Debtor are lesser, smaller, and, to the extent they might be the subject of a § 523 action, much narrower.

Defendants point out as relevant to denying the motion, the pending proceeding brought by the United States Trustee against the Debtor under 11 U.S.C. § 727(a)(2) and (a)(4) which alleges failures to disclose, and continuing concealment of, the existence, transfer, and disposition of a substantial number of assets, failures to accurately describe his assets and financial condition, and the making of false oaths with respect to material elements of his assets and financial condition. These claims do not, however, impact or bear upon in any material way the Plaintiff's claims in this proceeding, which of course occurred after the facts that are the basis for this proceeding. The § 727 proceeding is scheduled for trial in August 2013. If

7

successful, the rationale for pursuing the referred-to § 523 proceeding brought by Plaintiff in this Court will largely disappear, and therefore proceedings in the § 523 action have been suspended, pending the outcome of the § 727 proceeding. This is yet another reason for minimizing the pendency of the § 523 case as an argument against abstention or remand. As such and for the foregoing reasons, this Court uses its discretion to permissively abstain from adjudicating this matter.

*Equitable Remand*

The analysis for equitable remand is largely the same as that for permissive abstention. Watson, at *5 (citing In re Nat'l Century Fin. Enters., Inc. Inv. Litig., 323 F.Supp.2d 861, 885 (S.D. Ohio 2004) and Mann v. Waste Management of Ohio, Inc., 253 B.R. 211, 215 (N.D. Ohio 2000) (analyses are "essentially identical")). "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground…" 28 U.S.C. § 1452(b). The grounds for equitable remand include:

> (1) duplicative and uneconomical use of judicial resources in two forums; (2) prejudice to the involuntarily removed parties; (3) forum non conveniens; (4) the state court's ability to handle a suit involving questions of state law; (5) comity considerations; (6) lessened possibility of an inconsistent result; and (7) the expertise of the court in which the matter was originally pending.

Watson, at *5 (E.D. Mich. 2010) (quoting Mann, 253 B.R. at 214-15).

As the analysis and criteria for equitable remand are much the same as that of the aforementioned analysis for permissive abstention, this Court concludes that equitable remand is also appropriate here.

8

## CONCLUSION

Accordingly the Court abstains from adjudicating this matter and remands it to the state court. An order to this effect is being entered concurrently.

.

**Signed on March 11, 2013**

                                               **/s/ Walter Shapero**
                                        **Walter Shapero**
                                        **United States Bankruptcy Judge**